# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HELEN FOYE, et. al, | : | |
| Plaintiffs, | : | Hon. Joseph H. Rodriguez |
| v. | : | Civil Action No. 16-3587 |
| MORAN FOODS, INC., et. al, | : | |
| Defendants. | : | OPINION |

This matter comes before the Court on Motion of Defendant RAJ Maintenance, Inc. to dismiss Plaintiffs' Second Amended Complaint [Dkt. No. 50] pursuant to Fed. R. Civ. P. 12 (b)(6) on the ground that the statute of limitations precludes liability. The Court has considered the written submissions of the parties without oral argument pursuant to Fed. R. Civ. P. 78 (b). For the reasons stated below, Defendant's motion is denied.

## Background and Procedural History

Plaintiff Helen Foye was injured on May 10, 2014 when a shopping cart malfunctioned during her visit to Defendant Moran Foods' grocery store known as Save-A-Lot. Foye filed a Complaint in the Superior Court of New Jersey on May 10, 2016 against defendants Moran Foods, Inc. d/b/a/ Save-A-Lot and/or ABC Corporation (1-100) (a fictitious name for a presently unknown and unidentified corporation), Supervalu, Inc. d/b/a

1

Save-A-Lot and/or DEF Corporation (1-100) (a fictitious name for a presently unknown and unidentified corporation), JOHN DOES and GHI Corporation (1-100) (a fictitious name for a presently unknown and unidentified corporation).

The case was removed to this Court on June 21, 2016. On August 17, 2017, Plaintiff filed an Amended Complaint to add additional Defendant Gatekeeper Systems, Inc., but did not include RAJ Maintenance, Inc. ("RAJ), as a defendant at that time. Approximately ten months later on March 3, 2018, Plaintiff moved to filed a Second Amended Complaint to substitute RAJ Maintenance, Inc. for that of DEF Corporation (2) as a direct defendant. Plaintiff filed the Second Amended Complaint on August 8, 2018.

Defendant RAJ moves for dismissal on the ground that Plaintiff failed to move against it within the statute of limitations period and/or acted without the requisite diligence to avail herself to the tolling provisions of the fictitious pleading rule. Plaintiff may have known identity of RAJ before expiration of the limitations period. Even if Plaintiff did not know before the limitations period expired, Plaintiff cannot toll the statute of limitations by invoking New Jersey's fictitious pleading rule, R. 4:26-4 because Plaintiff significantly delayed amending her complaint to include

RAJ after she learned of RAJ's identity. For the reasons that follow, the Court agrees and grants Defendant's motion to dismiss.

Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[1] See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007).

---

[1] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted). Accord Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004) (citations omitted). Here, Plaintiffs' Complaint includes several references to exhibits attached to the Complaint and the Court will consider these documents without converting the motion to dismiss into a summary judgment motion. In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999).

Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

---

[2]This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Id.

4

alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## Analysis

The question confronting the Court is whether subject matter jurisdiction exists as to the claims against RAJ because Plaintiffs' claims are barred by the statute of limitations. To answer this question, the Court must determine whether Plaintiffs tolled the statute of limitations by properly invoking New Jersey's fictitious pleading rule, N.J. R. 4:26–4.

Plaintiffs claim against RAJ were filed beyond the limitations period but may relate back to the date of the filing of the original complaint. Federal Civil Procedure Rule 15(c) governs whether an amendment can "relate back" to the filing date of the original complaint. Rule 15(c) provides that an amendment to a pleading relates back to the date of the original pleading in three instances:

> the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought

5

> against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1).

Here, Rule 15(c)(1)(a)(8) contemplates a relation back of the claims against RAJ to the date of the original pleading if permitted by state law. New Jersey law permits a plaintiff to amend her complaint to identify RAJ as a proper party as long as the original complaint includes a sufficient John Doe fictitious designation.

"Under certain conditions, Federal Rule of Civil Procedure 15(c) provides for relation back, i.e., permitting an amended pleading to relate back to the date of the original complaint." DeRienzo v. Harvard Industries, Inc., 357 F.3d 348, 352–53 (3d Cir. 2004). One such condition is provided by Fed.R. Civ. P. 15(c)(1)(C), which states that "[a]n amendment of a pleading relates back to the date of the original pleading when ... relation back is permitted by the law that provides the statute of limitations applicable to the action." F.R. Civ. P. 15(c)(1)(C). According to the Defendant, New Jersey Court Rule 4:26–4 (the "fictitious party" rule) does not save Plaintiffs' claims in this case.

Under the fictitious party rule, the statute of limitations may be tolled if the plaintiff invokes the rule before the expiration of the limitations period.

DeRienzo, 357 F.3d at 353 (citing N.J.S.A. 2A:14–2 and N.J. R. 4:26–4). The Rule provides,

> In any action, irrespective of the amount in controversy, other than an action governed by R. 4:4–5 (affecting specific property or a res), if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained. If, however, defendant acknowledges his or her true name by written appearance or orally in open court, the complaint may be amended without notice and affidavit. No final judgment shall be entered against a person designated by a fictitious name.

N.J. Civ. Pro. R. 4:26–4.

Relevant here, the fictitious party rule tolls the statute of limitations only if the Court finds that Plaintiffs exercised due diligence to ascertain RAJ's trues name before and after filing the complaint. Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 299 A.2d 394, 396 (1973); Claypotch v. Heller, Inc., 360 N.J. Super. 472, 823 A.2d 844, 848–49 (2003). The fictitious name designation also must have appended to it "an appropriate description sufficient to identify" the defendant. Rutkowski v. Liberty Mut. Ins. Co., 209 N.J. Super. 140, 506 A.2d 1302, 1306–07 (1986); see also Yarchak v. Trek Bicycle Corp., 208 F.Supp.2d 470, 489 (D.N.J. 2002) ("[T]he fictitious party rule permits a plaintiff to preserve a claim against as

7

yet unidentified potential defendants who may have contributed to plaintiff's injuries."). In addition to diligence, application of N.J.R. 4:26–4 must not prejudice the defendant. Farrell, 299 A.2d at 400; Mears, 693 A.2d at 563–64.

Thus, whether a plaintiff may avail himself of Rule 4:26-4 turns on three factors: (1) whether plaintiff exercised due diligence in identifying the proposed defendants; (2) whether the lapse of time has prejudiced the proposed defendants; and (3) whether plaintiff acted with due diligence in substituting the proposed defendants once they were identified. See Padilla v. Twp. of Cherry Hill, 110 Fed. Appx. 272, 277 (3d Cir. 2004).

Here, the relevant timeline is as follows. Plaintiff was allegedly injured on May 10, 2014. Defendant Moran Foods, Inc. requested service by RAJ on June 12, 2014 and that work was performed on July 11, 2014. The original Complaint was filed on May 4, 2016, with Notice of Removal to United States District Court, Camden Vicinage filed on June 21, 2016. Importantly, the Statute of Limitations for Plaintiff's injuries expired on May 11, 2016.

Defendant Moran Foods, Inc.'s identified RAJ Maintenance, Inc. to all parties by way of discovery April 10, 2017. Then on May 22, 2017, Plaintiffs moved to amend the Complaint to include Defendant Gateway,

8

but **not** RAJ. Plaintiffs again moved to amend to add RAJ on March 8, 2018. Defendant claims this is critical because the motion to amend came almost eleven months after RAJ was identified in discovery.

According to Defendant, Plaintiff was made aware of the role of RAJ Maintenance, Inc. as early as April 10, 2017 when they were provided with the discovery responses of Co-Defendant Moran Foods which included a "Field Service Ticket" with the name of RAJ Maintenance, Inc. See Exhibit A, Field Service Tickets. Even though plaintiff included a fictitious ABC Corporation in its complaint, the description of the company stated that it maintained shopping carts. RAJ avers that it does not maintain shopping carts; it is responsible for the locking mechanisms on the wheel of the cart. Simply pleading a fictitious corporation without an "appropriate description sufficient for identification" is improper. See N.J. Civ. Pro. R. 4:26–4. Here, the Court finds that the description, albeit inaccurate, adequately reflects an attempt to identify the entity responsible for the injury- which was allegedly caused by the locking of the cart wheel. The fact that Plaintiff chose the term "maintenance" captures RAJ's limited, relevant function in the operation of the cart. To find otherwise would require a level of specificity that offends the intent of the Rule.

The determination of whether Plaintiffs can avail themselves of the fictitious party rule when RAJ's role and true name was known to Plaintiffs since April 10, 2017 and Plaintiff waited to amend their complaint to include RAJ as a defendant requires the Court to consider whether Plaintiffs acted with requisite diligence. According to RAJ, Plaintiffs filed an amended complaint on May 22, 2017 which did not include RAJ and then waited until March 8, 2018 to move for leave to file a second amended complaint to include RAJ. In addition, RAJ was not served with the Second Amended Complaint until August 24, 2018 when RAJ entered a waiver of service after several failed attempts by Plaintiffs to serve it with the motion to amend.

RAJ claims that its identity was knowable as evidenced by Plaintiff's inclusion of claims against any fictitious corporation which serviced the shopping carts at issue. However, the nature of Plaintiffs' diligence, or lack thereof, is not appropriately considered on a motion to dismiss. "[T]he question of whether [a] plaintiff had made reasonable efforts … should not [be] decided on summary judgment" unless "no 'rational factfinder [could] resolve th[is] alleged disputed issue in' plaintiff's favor." Tonic v. Am. Cas. Co., 413 N.J. Super. 458, 474, 995 A.2d 1124 (App. Div. 2010) quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540, 666 A.2d 146 (1995).

Courts in this district have declined to make a finding on diligence at the motion to dismiss stage. Carroll v. SetCon Indus. Inc., No. CIV.A. 10-04737, 2011 WL 736478, at *9 (D.N.J. Feb. 23, 2011). The Court agrees that the considerations here merit an evidence-based decision, which can only come from a summary judgment posture. For this reason, RAJ's motion to dismiss is denied.

  An appropriate Order shall issue.

Dated: May 13, 2019

s/ Joseph H. Rodriguez<br>
Hon. Joseph H. Rodriguez,<br>
UNITED STATES DISTRICT JUDGE